**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**WILLIE HAMPTON (# 79948-011)**                                                              **PLAINTIFF**

**v.**                                                                                      **No. 2:06CV100-P-A**

**TUNICA COUNTY BOARD**
**OF SUPERVISORS, ET AL.**                                                                    **DEFENDANTS**

**ORDER**

This matter comes before the court on several motions of the parties.  The *pro se* prisoner

plaintiff filed a June 26, 2006, motion for the presiding judge to recuse himself from this case.

The county defendants have filed a June 26, 2006, motion for more definite statement.  The

individual defendant Jerome Hudson moved on June 28, 2006, for additional time to respond to

the plaintiff's complaint.  Finally, the plaintiff moved on July 11, 2006, to strike the motion by

the county defendants for a more definite statement.

First, the plaintiff's motion for the presiding judge in this case to recuse himself shall be

denied.  The plaintiff is displeased with the outcomes of past cases over which this judge has

presided; however, a judge's adverse ruling, even when later reversed or vacated on appeal, does

not by itself constitute grounds for recusal.  *Garcia v. Woman's Hospital of Texas*, 143 F.3d 227

(5th Cir. 1998).  The plaintiff has alleged no facts to show that the presiding judge has a conflict

of interest or harbors a bias against the plaintiff; and, indeed, none exist.  As such, the instant

motion to recuse shall be denied.

The plaintiff Willie Hampton raises issues in this case involving events that transpired

during the course of his criminal trial in this court.  *United States v. Hampton*, 2:00CR94-P.  The

Fifth Circuit has affirmed the plaintiff's conviction.  *Id.*  The plaintiff has recently hired an