IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**WILLIE HAMPTON (# 79948-011)**                                                  **PLAINTIFF**

v.                                                                  No. 2:06CV100-P-A

**TUNICA COUNTY BOARD**
**OF SUPERVISORS, ET AL.**                                                       **DEFENDANTS**

### ORDER

This matter comes before the court on several motions of the parties. The *pro se* prisoner plaintiff filed a June 26, 2006, motion for the presiding judge to recuse himself from this case. The county defendants have filed a June 26, 2006, motion for more definite statement. The individual defendant Jerome Hudson moved on June 28, 2006, for additional time to respond to the plaintiff's complaint. Finally, the plaintiff moved on July 11, 2006, to strike the motion by the county defendants for a more definite statement.

First, the plaintiff's motion for the presiding judge in this case to recuse himself shall be denied. The plaintiff is displeased with the outcomes of past cases over which this judge has presided; however, a judge's adverse ruling, even when later reversed or vacated on appeal, does not by itself constitute grounds for recusal. *Garcia v. Woman's Hospital of Texas*, 143 F.3d 227 (5th Cir. 1998). The plaintiff has alleged no facts to show that the presiding judge has a conflict of interest or harbors a bias against the plaintiff; and, indeed, none exist. As such, the instant motion to recuse shall be denied.

The plaintiff Willie Hampton raises issues in this case involving events that transpired during the course of his criminal trial in this court. *United States v. Hampton*, 2:00CR94-P. The Fifth Circuit has affirmed the plaintiff's conviction. *Id.* The plaintiff has recently hired an

attorney to prosecute a motion to vacate, set aside, or correct the petitioner's sentence under 28 U.S.C. § 2255, and that motion also involves issues arising out of the same facts and circumstances giving rise to the claims in the instant civil case. The court shall thus stay this civil case until the issues in Willie Hampton's motion under 28 U.S.C. § 2255 have been resolved.

As this case shall be subject to a stay of indefinite duration, the motion by the county defendants for a more definite statement shall be denied, but without prejudice to any defendants to seek a more definite statement in the future. The plaintiff's request to strike the defendants' motion for more definite statement shall be denied as moot. Finally, the defendant Hudson's motion for additional time to respond to the complaint shall be granted. Defendant Hudson shall have twenty days from the date the instant case is reinstated to answer or otherwise respond to the complaint in this case.

It is therefore **ORDERED:**

1. The plaintiff's June 26, 2006, motion for the presiding judge to recuse himself is hereby **DENIED.**

2. The instant case is hereby **STAYED** until the court renders a decision in the plaintiff's pending motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the plaintiff's sentence.

3. The motion by the county defendants for a more definite statement is hereby **DENIED**, without prejudice to seek such relief after the stay in this case has been lifted.

4. The plaintiff's request to strike the motion for more definite statement is hereby **DISMISSED** as moot.

5.      The defendant Hudson's motion to extend the deadline to plead or otherwise respond to the instant complaint is hereby **GRANTED.**  The new deadline for Hudson to plead or respond to the complaint shall be twenty days from the date the stay in this case is lifted.

**SO ORDERED,** this the 24th day of July, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE