**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**WILLIE HAMPTON (# 79948-011)**                                  **PLAINTIFF**

v.                                             **No. 2:06CV100-SA-SAA**

**TUNICA COUNTY BOARD**
**OF SUPERVISORS, et al.**                                           **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Willie Hampton, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the Court notes that the plaintiff was incarcerated when he filed this suit. Hampton alleges in his complaint that various defendants violated his civil rights during his federal prosecution for possessing with intent to distribute – and distributing – cocaine base and powder cocaine. At the time Hampton filed this case, he had a motion to vacate, set aside, or correct his sentence – setting forth substantially the same issues – pending in this court. The court therefore stayed the instant case until the issues were resolved in the § 2255 motion. The court denied Hampton's § 2255 motion December 19, 2007, and lifted the stay on this case on January 24, 2008, and in that order directed the parties to brief the issues of collateral estoppel and the doctrine set forth in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). The parties have submitted their briefs, and the matter is ripe for resolution. For the reasons set forth below, the instant case shall be dismissed.

**Factual Allegations**

In a twenty-seven page complaint, Hampton sets forth the following claims, alleging primarily that improper actions by Lt. Hudson of the Tunica County Sheriff's Department violated

Hampton's constitutional rights during his criminal trial. Hampton also sets forth other claims, and the Court, in the interest of brevity and clarity, has paraphrased all the claims below.

1. Lt. Hudson and others seized Hampton's property, a 1999 Ford Expedition (reported stolen), depriving Hampton of his property without due process of law.

2. The defendants improperly transferred Hampton to federal custody to face federal drug charges by doing so before the state charges were dismissed.

3. Lt. Hudson and others failed to return the 1999 Ford Expedition "to its rightful owners."

4. The defendants and the court could not lawfully attribute the 7½ pounds of cocaine to Hampton because he did not own the garage in which the cocaine was found.

5. The 1999 Ford Expedition was never impounded, as shown by the absence of impound records for the vehicle.

6. The defendants violated Hampton's right to due process in the forfeiture and seizure of his personal property before entry of judgment in Tunica County Circuit Court case number 2000-00080.

7. Lt. Hudson and others violated Hampton's right to due process by using, at trial, the testimony of Rubby Gooden, a woman severely addicted to crack cocaine – and by detaining Gooden against her will to secure and influence her testimony.

8. Lt. Hudson falsified a document by stating that Rubby Gooden was a participant in the Federal Witness Protection Program.

9. The various defendants conspired with each other to deprive Hampton of his civil rights as set forth in the previous claims.

**Case Background**

The claims set forth above arose out of the investigation, prosecution, and conviction of Willie Hampton in the United States District Court for the Northern District of Mississippi. <u>United States v. Hampton</u>, 2:00CR94-P. In the interest of completeness, the facts of the criminal prosecution and conviction have been included in this memorandum opinion. Willie Hampton was indicted April 6, 2000, on three substantive counts of possessing with intent to distribute and

distributing cocaine base and powder cocaine. A superseding indictment May 25, 2000, added a conspiracy count charging Hampton and Mack Arthur Bowens with conspiring to distribute a large quantity of cocaine hydrochloride and base. After a two-week joint trial, Hampton was acquitted of the conspiracy charge and convicted on the substantive counts on January 30, 2001. On July 11, 2001, Hampton was sentenced to life without possibility of parole on two counts and 30 years on the third count, all terms to run concurrently. Hampton's convictions were affirmed on direct appeal. United States v. Bowens, 108 Fed. Appx. 945 (5th Cir. 2004). The Supreme Court denied certiorari February 28, 2005. Hampton v. United States, 543 U.S. 1191, 125 S. Ct. 1407 (Mem), 161 L. Ed. 2d (2005).

On February 28, 2006, Hampton filed his *pro se* motion to vacate his convictions pursuant to 28 U.S.C. § 2255. He then retained counsel, who filed an amended motion which excluded Ground Five of the original motion. He sought eight grounds for relief, some of which are related:

> **Ground One:** Hampton did not own the garage in which the 7.5 pounds of cocaine at issue in this case was found; nor did he have control, authority, or dominion over it. In addition the 1999 Ford Expedition allegedly found in the garage was not, in fact, located there. As such, Hampton did not constructively possess the 7.5 pounds of cocaine at issue in this case.
>
> **Ground Two:** The government introduced insufficient evidence for the jury to conclude that Hampton constructively possessed the 7.5 pounds of cocaine at issue in this case. As such, the jury's finding that Hampton constructively possessed the cocaine was erroneous.
>
> **Ground Three:** The warrant used to search the garage in which the garage in which the 7.5 pounds of cocaine was found was based upon false information and affidavits submitted by state agents – namely, that Hampton owned the garage and vehicle in which the 7.5 pounds of cocaine was found. As such, the warrant was invalid, and the fruits of the search conducted under that warrant should not have been used against Hampton.
>
> **Ground Four:** Lt. Hudson of the Tunica County Sheriff's Department coerced the

testimony of Rubby Gooden that she purchased crack cocaine from Hampton. He did so holding her in jail when she was not a suspect in a criminal investigation and later by claiming that she was being housed as part of the Federal Witness Protection Program. As such, her testimony should not have been used against the petitioner at trial.

**Ground Five:** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Withdrawn

**Ground Six:** The court did not have personal jurisdiction over Hampton at the time that he was transferred to the custody of federal agents because the state charges against Hampton had not yet been dismissed.

**Ground Seven:** Lt. Hudson wrote "No Bond - Hold for U.S. Marshall" and "Hold for U.S. Marshall Office – cases pending in U.S. Attorney Office" on Hampton's booking card which was dated March 20, 2000, before the execution of the search warrant used to collect evidence used against Hampton at trial. The federal criminal complaint against Hampton was not filed until four days later on March 24, 2000. As such, the federal court did not have personal jurisdiction over Hampton.

**Ground Eight:** Appellate counsel was ineffective in failing to raise two meritorious issues: (1) the denial of Hampton's motion to sever, and (2) failure to challenge Hampton's sentence under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000).

**Ground Nine:** Trial counsel was ineffective for failing to investigate the grounds set forth above and mount a challenge to Hampton's conviction based upon those grounds.

Hampton filed the instant complaint in the United States District Court for the District of Columbia on January 15, 2006, the date he signed the complaint and placed it in the hands of prison personnel for mailing. The case was then transferred to this court.

## Discussion

The only potentially viable claim in this case is that the defendants violated Hampton's due process rights during the seizure and forfeiture of a Mercury Cougar, two Ford Mustangs, and $355.00 in United States Currency. Hampton's claims against the Tunica County Board of Supervisors and against the John Doe and Jane Doe defendants must be dismissed because he has

not alleged that these defendants took action to harm him. Hampton's claims against the Tunica County Sheriff's Department must be dismissed because, in Mississippi, a sheriff's department is not an entity amenable to suit in a case filed under 42 U.S.C. § 1983. The plaintiff has litigated some of his current claims previously and lost; as such, those claims are barred by the doctrine of collateral estoppel. In addition, some of the claims, if successful, would call into question Hampton's criminal conviction. These claims are thus barred under the rule set forth in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). Finally, the remaining claims – due process violations during the seizure and forfeiture of a Mercury Cougar, two Ford Mustangs, and $355.00 in United States currency are currently pending in state court. By separate order, the court shall set a schedule for the parties to submit briefs on whether the court should abstain from exercising jurisdiction over these claims in light of the ongoing state court litigation of this matter. The court shall discuss application of these rules to the plaintiff's individual claims below.

## Collateral Estoppel

*Collateral estoppel*, or issue preclusion, prevents relitigation of issues actually adjudicated, and essential to the judgment, in prior litigation involving a party to the first case. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980). The plaintiff's claims regarding the actions of Lieutenant Hudson and others during Hampton's criminal prosecution must be dismissed, as valid judgments have been entered against the plaintiff in federal trial and appellate courts covering these precise issues.[1] Therefore, the following claims

---

[1] See United States v. Bowens, 108 Fed.Appx. 945 (5th Cir. 2004) (Hampton's conviction affirmed); see also United States v. Hampton, 2:00CR94-P-B, Memorandum Opinion dated December 19, 2007, (denying Hampton's request for relief under 28 U.S.C. § 2255).

shall be dismissed: (2) Hampton's transfer from state to federal custody for prosecution, (4) attributing the 7½ pounds of cocaine found in the 1999 Ford Expedition to Hampton during his federal prosecution, (7) use of the testimony of crack addict Rubby Gooden at Hampton's criminal trial despite allegations that Gooden's testimony was coerced by Lieutenant Hudson and others, (8) Lieutenant Hudson's alleged use of falsified documents to secure Rubby Gooden's attendance at trial, and (9) various defendants conspired with each other to deprive Hampton of his civil rights as set forth in the previous claims.[2] All of these issues have been decided in prior litigation involving Hampton and were necessary to the judgments in those cases. Therefore, under the doctrine of collateral estoppel, these claims must be dismissed.

## Application of <u>Heck v. Humphrey</u>

The following issues are barred from consideration under the doctrine set forth in <u>Heck</u>, 512 U.S. at 477, 114 S.Ct. 2364: (2) transfer of Hampton to federal custody before dismissal of state charges, (4) attributing the 7½ pounds of crack cocaine found in the Ford Expedition in the garage to Hampton, (7) using the allegedly coerced testimony of crack addict Rubby Gooden to against Hampton at trial, (8) Lieutenant Hudson's alleged falsification of a document to keep Rubby Gooden in custody until trial, and (9) conspiracy among the defendants regarding the various acts alleged above. A claim under § 1983 that calls into question the lawfulness of a conviction or confinement or otherwise demonstrates the invalidity of the conviction or confinement is not cognizable under § 1983 until the § 1983 plaintiff is able to

> prove that the conviction or sentence has been *reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such*

---

[2]This last claim is merely an aggregation of the previous claims cast in terms of conspiracy.

> *determination, or called into question by a federal court's issuance of a writ of habeas corpus*, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck, 512 U.S. at 512, 114 S. Ct. 2364 (emphasis added); see also Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994). Only if the court finds that the plaintiff's § 1983 suit, even if successful, "will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff," should the § 1983 action be allowed to proceed. Mackey v. Dickson, 47 F.3d 744, 746 (5th Cir. 1995).

Each of these civil claims, if proved, would call into question Hampton's conviction. If the court had no personal jurisdiction over the plaintiff (as set forth in claim (2)), then the plaintiff's conviction would be invalid. If the 7½ pounds of crack cocaine found in the Ford Expedition could not be attributed to the plaintiff (as set forth in claim (4)), then he could not have been convicted for possessing it. If Lieutenant Hudson coerced the testimony of Rubby Gooden (as set forth in claim (7)), then the two searches leading to the arrest, prosecution, and conviction of the plaintiff should have been suppressed. This included the search leading to the discovery of the 7½ pounds of crack cocaine. The plaintiff could not have been convicted without the evidence obtained during those searches. The same rationale applies to the plaintiff's allegation set forth in claim (8). If Lieutenant Hudson kept Rubby Gooden in the Tunica County Jail with falsified documents to intimidate her and coerce her testimony, then the plaintiff could not have been convicted. Finally, if the defendants conspired together to secure Hampton's conviction by coercing testimony and falsifying evidence as alleged in claim (9), then the conviction could be overturned. If the plaintiff proved claims (2), (4), (7), (8), or (9) in this case, he would call into question the validity of his conviction. As such, these claims must be dismissed under Heck.

**Statute of Limitations**

A federal court borrows the forum state's general or residual personal injury limitations period. Owens v. Okure, 488 U.S. 235, 249, 109 S. Ct. 573, 102 L. Ed. 2d (1989); Gartrell v. Gaylor, 981 F.2d 254 (5th Cir. 1993). In Mississippi, that statute is MISS. CODE ANN. § 15-1-49, which allows a litigant only three years to file such an action, and the statute begins to run "at the moment the plaintiff becomes aware he has suffered an injury or has sufficient information to know he has been injured." Russell v. Board of Trustees of Firemen, etc., 968 F.2d 489 (5th Cir. 1992), *cert. denied*, 113 S. Ct. 1266 (1993) (citations omitted).

In claim (1) Hampton alleges that Lieutenant Hudson improperly seized a 1999 Ford Expedition from him on August 24, 1999.[3] Documents from Exhibit "A" of the amended complaint show that the 1999 Ford Expedition was stolen from a car dealership in California – and that the sales documents Hampton provided to the authorities were forged. Willie Hampton alleges in his amended complaint that he was arrested on August 24, 1999, and charged with disorderly conduct. The 1999 Ford Expedition at issue was towed at that time to the impound lot of the Tunica County Sheriff's Department. The Expedition was, however, discovered during a March 21, 2000, search (pursuant to a warrant) of a garage controlled by Willie Hampton, and the authorities discovered 7½ pounds of cocaine in the Expedition. A National Crime Information Center ("NCIC") report revealed the Expedition to be stolen from Walnut Creek, California. According to Hampton, the

---

[3]Hampton also alleges in claim (3) that Hudson failed to return the vehicle to its "rightful owners," which seems to be an admission that Hampton did not own the vehicle. In any event; Hampton has no standing to make a claim on behalf of the vehicle's rightful owners. Similarly, Hampton alleges in claim (5) that the Ford Expedition was not impounded. These allegations shall be dismissed for failure to state a claim upon which relief could be granted – and as untimely filed under Mississippi's three-year limitations period.

1999 Ford Expedition was taken from him during his arrest on August 24, 1999, – and never returned. As such, he was then clearly aware that he has suffered an injury, the taking of his motor vehicle. Mississippi's three-year limitation period for this claim began on that date, and expired on August 26, 2002.[4] The instant complaint was filed on January 15, 2006, over three years after the deadline for filing expired. Accordingly, Hampton's claim regarding improper seizure of the 1999 Ford Expedition shall be dismissed.

## Abstention

Hampton is currently prosecuting a case in state court based upon the improper seizure and forfeiture of a Mercury Cougar, two Ford Mustangs, and $355.00 in United States currency. <u>State of Mississippi v. One 1970 Mercury, et al.</u>, No. 2000-00080 (Tunica County Circuit Court). In the Tunica County seizure and forfeiture case, the Mississippi Court of Appeals reversed the trial court's decision to permit the forfeiture of Hampton's Mercury Cougar, two Ford Mustangs, and $355.00, and remanded the case to determine whether, under Mississippi law, the lengthy delay in the proceedings violated Willie Hampton's right to due process. The case is still pending before the Tunica County Circuit Court. The federal constitutional issues might be mooted or presented in a different posture by a state court determination of pertinent state law. As such, the court shall require the parties submit briefs on the issue of the court's discretion to abstain from exercising jurisdiction over this controversy – that is pending before a state court.

In sum, all of the plaintiff's claims except improper seizure and forfeiture of the Mercury Cougar, two Ford Mustangs, and $355.00 in United States currency shall be dismissed. By separate

---

[4]August 24, 2002, fell on a Saturday; as such, the period would expire on the next business day of the court, Monday, August 26, 2002. FED. R. CIV. P. 6(a)(3).

order, the court shall set a schedule for briefing the issue of abstention from exercising jurisdiction over this last claim. A judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 29th day of September, 2008.

                                              **/s/ Sharion Aycock**
                                              **U.S. DISTRICT COURT JUDGE**