**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**WILLIE HAMPTON (# 79948-011)**                                         **PLAINTIFF**

**v.**                                                                            **No. 2:06CV100-A-A**

**TUNICA COUNTY BOARD
OF SUPERVISORS, ET AL.**                                                **DEFENDANTS**

**ORDER GRANTING MOTIONS [47], [48], [59], [60] TO SET ASIDE CLERK'S
ENTRY/NOTICE OF DEFAULT, GRANTING MOTION [52] FOR EXTENSION OF
TIME TO FILE ANSWER, DENYING MOTION [57] FOR
DEFAULT JUDGMENT, DENYING MOTION [61] TO STRIKE
ANSWER TO THE COMPLAINT**

This matter comes before the Court on the motions [47], [48], [59], [60] by various Defendants to set aside either a clerk's notice of default or a clerk's entry of default – as well as a motion [52] by Defendant Ellington to extend the deadline to answer, a motion [57] by the Plaintiff for default judgment, and a motion [61] by the Plaintiff to strike the answer of Jerome Hudson to the amended complaint.

The clerk entered a default against Defendants Jerome Hudson and Jerrry Ellington on April 16, 2009. On the same day, Hampton filed a motion for default judgment against said Defendants. Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause . . ." FED. R. CIV. P. 55(C). The Fifth Circuit Court of Appeals has instructed district courts to use three factors to determine whether good cause exists to set aside a default: (1) "whether the default was willful"; (2) "whether setting it aside would prejudice the adversary"; and (3) "whether a meritorious defense is presented." Lacy v. Sitel Corp., 227 F.3d 290, 292 (5th Cir. 2000) (citing In re Dierschke, 975 F.2d 181, 183-84 (5th Cir. 1992)).

The first factor the Court examines is whether the Defendant's default was willful. Although

it is true that Defendants did not file a responsive pleading with the Court in the time required by the Federal Rules of Civil Procedure, the record does not support a conclusion that the Defendants were ignoring litigation. Defendants are represented by counsel who appear ready to answer or otherwise respond to Plaintiff's allegations. The Court's scheduling order will establish the deadlines in this case, including the deadline for the Defendants to answer. Justice would not be served by entering default judgment against Defendants who have appeared in the case and most of whom have submitted at least one brief regarding the issues in this case. Accordingly, the Court finds that this factor weighs in favor of setting aside the default.

Second, the Court looks at whether setting aside the clerk's entry of default against Defendants will prejudice Hampton. In considering whether a plaintiff is at risk of prejudice, the Court is not to base its determination upon the existence of delay. Lacy, 227 F.3d at 293. "Rather, 'the plaintiff must show that the delay will result in loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.'" Id. (quoting Berthelsen v. Kane, 907 F.2d 617, 621 (6th Cir. 1990)). "There is no prejudice to the plaintiff where 'the setting aside of the default has done no harm to the plaintiff except to require [him] to prove [his] case . . . .'" Id. (citations omitted). Hampton has presented no argument or evidence to the Court that he would be prejudiced by setting aside the clerk's entry of default. Therefore, the Court finds this factor also weighs in favor of setting aside the default.

Finally, the Court considers whether the Defendants have presented a meritorious defense. The Court is unable to consider this factor as the scheduling order will establish the deadline for Defendants to answer. As such the Court considers this factor to be neutral.

Since two of the three relevant factors support setting aside the clerk's entry of default

2

against the Defendants and the remaining factor is neutral, the Court is satisfied that setting aside the default judgment is proper. Default judgments are "generally disfavored in the law" and "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." Mason & Hanger-Silas Mason Co. v. Metal Trades Council, 726 F.2d 166, 168 (5th Cir.1984). As such, "where there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits." Gen. Tel. Corp. v. Gen. Tel. Answering Serv., 277 F.2d 919, 921 (5th Cir.1960).

For these reasons, the Plaintiff's motions [57], [61] to secure a default judgment against the Defendants and strike defendant Hudson's answer are **DENIED**, the motions [47], [48], [59], [60] of the Defendants to set aside the clerk's notices and entries of default are **GRANTED**, and defendant Ellington's motion [52] to extend the deadline to answer is **GRANTED.**

**SO ORDERED,** this the 24th day of April, 2009.

/s/ Sharion Aycock  
**UNITED STATES DISTRICT JUDGE**